**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Case No.: 09-50779-RJK |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor, | Hon. Robert J. Kressel |
| Carlton Financial Corporation | |
| Plaintiff, | |
| v. | Adversary No. 09-05036 |
| Dennis E. Hecker, | |
| Defendant. | |

**CARLTON FINANCIAL CORPORATION'S OBJECTION TO HECKER'S MOTION**
**FOR AN ORDER STAYING THIS ADVERSARY PROCEEDING**

**INTRODUCTION**

Carlton Financial Corporation ("Carlton") has brought this Adversary Proceeding against Debtor Dennis E. Hecker's ("Hecker") pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523 (a)(2)(B). Carlton now files this Opposition to Hecker's motion for stay of the adversary proceeding. Hecker has failed to meet the high threshold showing that effective defense is impossible in this case, and Carlton, like all adversary creditors, will be prejudiced if a stay is imposed. As such, Hecker's motion should be denied.

Hecker seeks imposition of a stay in all of the adversary proceedings filed by Hecker creditors, making essentially identical arguments in each motion. Thus, in the interest of judicial efficiency and economy, Carlton joins in the opposition and objections of creditors Chrysler

1

Financial Services Americas, LLCs ("Chrysler Financial") and Hyundai Capital America ("HCA") filed in their respective cases, and will not re-state each argument in detail. Carlton, therefore, incorporates by reference the position, arguments, and issues raised in the responses of Chrysler Financial and HCA in their cases as if fully set forth herein.

## FACTUAL BACKGROUND

On June 4, 2009 Hecker filed a Voluntary Petition for Relief Under Chapter 7 of Title 11 of the United States Bankruptcy Code. On September 11, 2009, Carlton filed its Adversary Complaint for the determination of non-dischargeability of Hecker debts pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B). Specifically, Carlton brings a claim against Hecker under § 523(a)(2)(A) in connection with Carlton's extension of credit to Hecker, as an insider of Rosedale Leasing, under false pretenses and upon making false representations and committing actual fraud by omitting material information regarding the Fleet Incentives and capitalized costs of vehicles under the Suzuki Guaranteed Depreciation Program ("GDP") in the amount of $1,597,815.64. Carlton also brings a claim under § 523(a)(2)(B) based upon Hecker's submission of personal financial statements which were materially false and delivered to Carlton with the intent to deceive. Carlton seeks a non-dischargeable debt in the amount of $6,426,410.64 under this claim.

## ARGUMENT

As stated, Carlton incorporates by reference the arguments of Chrysler Financial and HCA in opposition to Hecker's motion for an open-ended stay of the adversary proceedings. In the interests of judicial efficiency and economy, Carlton will not re-argue the positions offered in those briefs, other than to state in accord with Chrysler Financial and HCA that Hecker has failed to meet his high burden of a required strong showing that absent a stay an "effective defense of both [his criminal and civil] cases is impossible." *Koester v. Am Republic Invs., Inc.,* 11 F.3d

2

818, 823 (8th Cir. 1994). Carlton's case, like many other creditors, is based upon documents provided. Therefore, Hecker's failure to testify does not make his defense impossible and his reliance on his Fifth Amendment Rights is not sufficient to warrant entry of an open-ended and broad stay of this adversary proceeding. *Micro Financial, Inc. v. Premier Holidays It'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004); *Koester*, 11 F.3d at 823, 824. Indeed, negative inferences have long been recognized in civil actions. *Baxter v. Palmingiano*, 425 U.S. 308, 316 (1976). As argued in the briefs of Chrysler Financial and HCA, in *Koester*, the 8th Circuit affirmed denial of a requested stay, finding that the Defendant failed to make the required "strong showing," that absent a stay and "effective defense of [both cases] is impossible." *Koester*, 11 F.3d at 823. Here, Hecker cannot meet that burden, and as such, the extraordinary relief of the stay should be denied.

Likewise, application of the five factor test set forth in *Fidelity Nat. Title Ins. Co. v. Nat. Title Res. Corp.*, 980 F.Supp. 1022, 1024 (D. Minn. 1997) does not favor the stay. Most significantly, like Chrysler Financial and HCA, Carlton will undoubtedly be prejudiced by imposition of an open-ended stay of this adversary proceeding. This is especially true given the fact that Hecker's request for a stay is made before any indictment has been issued, yet Carlton and other creditors, would be prevented from prosecuting its Adversary Complaint with the risk that Hecker can engage in the frivolous spending activities that recently became the subject of the Trustee's ire and Affidavit.

## CONCLUSION

For these reasons and those set forth in the oppositions of Chrysler Financial and HCA, Carlton respectfully requests that This Court deny Hecker's motion for stay.

MESSERLI & KRAMER P.A.

Dated: October 16, 2009.     *s/Joshua A. Hasko*
Joseph W. Lawver (#151269)
Joshua A. Hasko (#303471)
MESSERLI & KRAMER P.A.
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, Minnesota 55402-4218
Telephone: (612) 672-3600

ATTORNEYS FOR PLAINTIFF CARLTON FINANCIAL CORPORATION

804869.1

4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Case No.: 09-50779-RJK |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor, | Hon. Robert J. Kressel |

| | |
|---|---|
| Carlton Financial Corporation | |
| Plaintiff, | |
| v. | Adversary No. 09-05036 |
| Dennis E. Hecker, | |
| Defendant. | |

_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that on October 16, 2009, I caused the following documents:

- **Carlton Financial Corporation's Objection to Hecker's Motion for an Order Staying this Adversary Proceeding**

to be electronically filed with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    Matthew R. Burton    mburton@losgs.com

    William R. Skolnick    wskolnick@skolnick-shiff.com, zpuchtel@skolnick-shiff.com;petricka@visi.com;rcargill@skolnick-shiff.com;dlarson@skolnick-shiff.com

I further certify that I caused a copy of the foregoing document and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

    None.

Dated: October 16, 2009        *s/Nena Kuhnly*
Nena Kuhnly, Legal Administrative Assistant
Messerli & Kramer, PA
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402
(612) 672-3600

773173.1