UNITES STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                              Case No. 09-50779-RJK

Debtor.                                                                         Chapter 7

---

CARLTON FINANCIAL CORPORATION,                ADV Pro. No. 09-05036

Plaintiff,

vs.

DENNIS E. HECKER

Defendant.

---

**ANSWER**
_____

Defendant Dennis E. Hecker ("Hecker") for his Answer to the Complaint of Plaintiff Carlton Financial Corporation ("Carlton Financial") states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

**Introduction**

Carlton Financial comes before this Court seeking a denial of discharge of its debt based on fraud when it has no legitimate factual or legal basis to substantiate its claims. Carlton Financial served as a broker and other times entered into recourse loans with other lenders for

1

financing it placed on its own books. The parties had an established relationship. Michael McShane, an owner of Plaintiff, had successfully completed obtaining financing for other Hecker related companies utilizing the personal and business financial statements provided. In fact, Mr. McShane had negotiated with Mr. Hecker to buyout his other partners in Plaintiff and become a 50% owner with him, but was unable to reach an agreement with his partners. Thus, Mr. McShane had conducted extensive due diligence as it relates to Mr. Hecker and the Hecker companies.

Carlton Financial through Mr. McShane approached Defendant and aggressively pursued a business relationship. Mr. McShane was fully aware of the fact that Chrysler Financial was owed over $500,000,000 at the time of the April 2008 transaction referred to in the Complaint and that Hecker had provided his personal guaranty, but was willing to provide credit lines at higher rates to reflect the inherent risks. The personal guaranty of Mr. Hecker was provided with the full knowledge of Plaintiff, through Mr. McShane, of the situation with Chrysler Financial. Moreover, the used (not new) vehicles provided the primary collateral to cover the outstanding indebtedness and Plaintiff determined its own stepped up depreciation payments to reflect the same. Any dealer incentives or holdbacks are completely irrelevant since new cars were never at issue. But for the filing of bankruptcy by Southwest – Tex Leasing Corp d/b/a Advantage Rent a Car ("Advantage") early December 2008, Plaintiff would have suffered no losses. However, Plaintiff is entitled to any monies or "adequate protection" payments made to the Trustee and has received monies from the Estate.

There exists no fraud or fraudulent conduct on the part of Defendant.

**2**

1. Defendant denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless otherwise specifically admitted or answered herein.

2. In response to the allegations contained in paragraph 1, Defendant is not required to admit or deny legal conclusions and therefore denies the same and puts Plaintiff to its strict burden of proof thereof.

3. Defendant admits the allegations contained in paragraphs 2, 3, 4, 5 and 6.

4. In response to the allegations contained in paragraph 7 of the Complaint, Defendant state that the referenced agreement speaks for itself and to the extent said allegations differ or contradict the same, he denies said allegations and puts Plaintiff to its strict burden of proof thereof.

5. In response to the allegations contained in paragraph 8, Plaintiff was never "induced" to enter into any transactions with Rosedale Leasing (the primary obligator). Instead, the value of the used vehicles and the income stream generated from their rental provided more than adequate collateral for Plaintiff.

6. Defendant denies the allegations in paragraphs 9, 10 and 11, and puts Plaintiff to its strict burden of proof thereof. Plaintiff already had Defendant's personal and business financial statements. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his

financial statements and business operations.

7. In response to the allegations contained in paragraphs 12 and 13, Defendant denies the same, and puts Plaintiff to its strict burden of proof thereof. Plaintiff's claims and references to any incentive programs are false since Carlton Financial purchased notes on used (not new) vehicles. The only information Carlton Financial relied upon was the repurchase value at the end of the term of the loan. Plaintiff purchased a package of loans and was provided with the balances due on each vehicle and payoffs or buyback value at the end of the terms. Plaintiff then determined monthly depreciation and increased monthly payments that reflect the value at the time of the loan to their guaranteed repurchase price at the end of the loan/lease when repurchased from Suzuki. Plaintiff did not follow any dealer deprecation programs, and any invoices were from the manufacturer and related to the cars at the time of purchase. Any and all information provided relative to the vehicles was accurate and Plaintiff engaged in its own independent due diligence prior to entering into the transaction.

8. In response to the allegations found in paragraphs 15, 16, and 17, Defendant denies that Plaintiff entered into the transaction at issue in reliance on any incentives or dealer programs since the vehicles at issue were used vehicles and Plaintiff calculated its own payment schedule. Defendant incorporates by reference all prior paragraphs herein. Plaintiff is put to its strict burden of proof thereof.

9. In response to the allegations found in paragraphs 18, 19, and 20, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof.

10. Defendant restates and realleges all prior paragraphs herein in response to the

unnumbered paragraph in Plaintiff's First Claim.

11. Defendant denies the allegations contained in paragraphs 21, 22, 23, 24, and 25, and puts Plaintiff to its strict burden of proof thereof.

12. Defendant restates and realleges all prior paragraphs herein in response to the unnumbered paragraph in Plaintiff's Second Claim.

13. Defendant denies the allegations contained in paragraphs 26, 27, 29 and 29, and puts Plaintiff to its strict burden of proof thereof.

## **AFFIRMATIVE DEFENSES**

**WHEREFORE**, Defendant incorporates by reference all prior paragraphs herein and affirmatively alleges the following additional affirmative defenses:

1. Plaintiff's Complaint fails to sate a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or part, by the equitable doctrine of estoppel, waiver, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of risk and / or contributory negligence.

5. Plaintiff's Complaint is barred, in whole or part, by its failure to properly plead with the requisite specificity the alleged fraud and other alleged intentional wrongdoing, as required by F.R.C.P. 9(b).

6. Defendant affirmatively alleges that financial disclosures prepared and provided

by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

7. Plaintiff's Complaint is barred, in whole or part, by its own knowledge and information conveyed by Defendant relative to his finances and business operations during the relevant time period. In particular, Carlton Financial's owner, Mr. McShane, was fully aware that Chrysler Financial was owed in excess of $500,000,000 and that Defendant had provided his personal guaranty.

8. Plaintiff's Complaint is barred, in whole or part, by payment and /or the value of collateral securing payment that was obtained by Plaintiff, which should be credited against all amounts due and owing. Upon information and belief, Plaintiff fails to disclose an alternative source of monies from the Trustee in the Advantage bankruptcy filing.

9. Plaintiff's Complaint is barred, in whole or part, by the intervening filing of bankruptcy by Advantage which resulted in the cars being turned back 1 ½ years before they would have otherwise been turned back. It is believed that substantial sums of money will be recognized by Plaintiff to offset any amounts claimed to be due by Defendant.

10. Plaintiff's Complaint is barred, in whole or part, by the failure of consideration.

11. Plaintiff's Complaint is barred, in whole or part, by the Statute of Frauds.

12. Plaintiff's Complaint is barred, in whole or part, by the doctrine of *in pari delicto.*

13. Defendant reserves the right to interpose additional affirmative defenses as discovery is undertaken in this matter.

**WHEREFORE,** Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant be awarded his attorney's fees and costs incurred in defending this action. Hecker further prays that he be provided with a detailed accounting from Plaintiff.

**SKOLNICK & SHIFF, P.A**.

Dated: November 13, 2009        /e/ LuAnn M. Petricka
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

**ATTORNEYS FOR DEFENDANT**
**DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                              BKY No. 09-50779 RJK

        Debtor.

Carlton Financial Corporation,

        Plaintiff,

                                      Adversary No. 09-05036

v.

Dennis E. Hecker,

        Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13, 2009, I caused the following ANSWER to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Joseph W. Lawver | Jlawver@messerlikramer.com |

Dated: November 13, 2009        **SKOLNICK & SHIFF, P.A.**

                                          /e/ William R. Skolnick
                                          William R. Skolnick #137182
                                          LuAnn M. Petricka #18505X
                                          2100 Rand Tower
                                          527 Marquette Avenue South
                                          Minneapolis, MN 55402
                                          (612) 677-7600
                                          wskolnick@skolnick-shiff.com
                                          **ATTORNEY FOR DENNIS E. HECKER**