# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Case No.: 09-50779 |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor. | Hon. Robert J. Kressel |

| | |
|---|---|
| Carlton Financial Corporation, | |
| Plaintiff, | |
| v. | Adversary No. 09-05036 |
| Dennis E. Hecker, | |
| Defendant. | |

## NOTICE OF EXPEDITED HEARING AND JOINT MOTION OF U.S. BANK NATIONAL ASSOCIATION, CARLTON FINANCIAL CORPORATION, GELCO CORPORATION D/B/A GE FLEET SERVICES, CORNERSTONE BANK, VISION BANK, HYUNDAI CAPITAL AMERICA, AND DENNIS E. HECKER TO STAY ADVERSARY PROCEEDINGS PENDING RESOLUTION OF CHAPTER 7 TRUSTEE'S SECTION 727 PROCEEDING

TO: The debtor and other entities specified in Local Rule 9013-3.

1. U.S. Bank National Association ("U.S. Bank"), Carlton Financial Corporation ("Carlton Financial"), GELCO Corporation d/b/a GE Fleet Services ("GE Fleet"), Cornerstone Bank ("Cornerstone"), Vision Bank, Hyundai Capital America ("HCA"), and Dennis E. Hecker ("Debtor") (together with U.S. Bank, Carlton Financial, GE Fleet, Cornerstone, Vision Bank, and HCA, collectively, the "Movants") jointly move the Court for the relief requested below (the "Motion") and give notice of hearing.

2. The Court will hold a hearing on this Motion at 10:00 A.M. on December 16, 2009, in Courtroom No. 8W, at the United States Courthouse, at 300 South Fourth Street, in Minneapolis, Minnesota, or as soon thereafter as counsel may be heard.

3. As this Motion requests relief on an **expedited basis**, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009.

5. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9006-1, 9013-1, 9013-2 and 9017-1.

6. In September, U.S. Bank, Carlton Financial, GE Fleet, Cornerstone, Vision Bank, and HCA (collectively, the "Plaintiffs") commenced adversary proceedings against the Debtor (collectively, the "Adversary Proceedings"), seeking to except all or a portion of the Debtor's debts to them from discharge.[1] The Court has entered Orders for Trial in each Adversary Proceeding: Vision Bank's trial is scheduled for January 29, 2010; HCA's trial is scheduled for February 8, 2010; U.S. Bank's trial is scheduled for February 25, 2010; Carlton Financial's trial

---

[1] On September 10, 2009, Cornerstone filed its Complaint to Determine Dischargeability of Debts. On September 11, 2009, Carlton Financial filed its Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). On September 14, 2009, U.S. Bank filed its Complaint to Determine Dischargeability of a Particular Debt, HCA filed its Complaint for Determination of Nondischargeability of Debts, GE Fleet filed its Complaint to Determine Non-Dischargeability of Debts Pursuant to 11 U.S.C. § 523(a)(2)(B), and Vision Bank filed its Complaint to Determine Dischargeability of Debt.

2

is scheduled for April 12, 2010; GE Fleet's trial is scheduled for May 10, 2010; and Cornerstone's trial is scheduled for May 24, 2010.

7. In addition to the Plaintiffs, Chrysler Financial Services Americas LLC and Alliance Bank have filed non-dischargeability complaints against the Debtor.

8. The Chapter 7 trustee has stipulated twice with the Debtor to extend his time to file a complaint objecting to the Debtor's discharge: First, on August 11, 2009 (extending the deadline through November 19, 2009) and most recently, on October 27, 2009 (extending the deadline through January 15, 2010).

9. The Plaintiffs expect the Chapter 7 trustee to file a complaint objecting to the Debtor's discharge on or before the January deadline.

10. In the event that the Court denies the Debtor his discharge, the nondischargeability determinations will be rendered moot. Accordingly, to avoid unnecessary time and expense—for the parties, the Court, and the estate—the Movants request that the Adversary Proceedings be stayed until the resolution of the Chapter 7 trustee's complaint objecting to the Debtor's discharge.

11. No party shall be prejudiced by the Court's granting the relief requested by this Motion. The Debtor has joined this Motion, and counsel for the Chapter 7 trustee has indicated that he will not oppose it.

WHEREFORE, for the reasons more fully set forth in the Memorandum filed herewith, the Movants respectfully move the Court for entry of an order (i) staying the Adversary Proceedings; and (ii) granting such other relief as may be just and equitable.

Dated: December 7, 2009

**DORSEY & WHITNEY LLP**

By: /e/ Monica Clark
Thomas O. Kelly (# 189960)
Monica Clark (# 28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION

Dated: December 7, 2009

**MESSERLI & KRAMER P.A.**

By: /e/ Joseph W. Lawver
Joseph W. Lawver (# 151269)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Telephone: (612) 672-3600

ATTORNEYS FOR CARLTON
FINANCIAL CORPORATION AND
GELCO CORPORATION D/B/A GE
FLEET SERVICES

Dated: December 7, 2009

**SERKLAND LAW FIRM**

By: /e/ Brad A. Sinclair
Brad A. Sinclair
10 Roberts St.
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957

ATTORNEYS FOR CORNERSTONE
BANK

Dated: December 7, 2009					**MCNAIR LARSON & CARLSON**

By: /e/David L. Johnson
David L. Johnson
McNair Larson & Carlson
51 Broadway Suite 600
P.O. Box 2189
Fargo, ND 58108
Telephone: 701-293-9190

ATTORNEYS FOR VISION BANK


Dated: December 7, 2009					**FAFINSKI, MARK & JOHNSON, P.A.**

By: /e/ Connie A. Lahn
Connie A. Lahn (# 069219)
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
Telephone: (952) 995-9500

ATTORNEYS FOR HYUNDAI CAPITAL AMERICA


Dated: December 7, 2009					**SKOLNICK & SHIFF, P.A.**

By: /e/ William R. Snolnick
William R. Skolnick
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
Telephone: (612) 677-7600

ATTORNEYS FOR DEBTOR

# VERIFICATION

I, Michael McShane, President of Carlton Financial Corporation, the movant named in the foregoing Notice of Hearing and Motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on December 7, 2009.    Signed: */s/ Michael J. McShane*

Michael McShane
President
Carlton Financial Corporation
1907 Wayzata Boulevard, Suite 180
Wayzata, MN 55391

816350.1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In Re: | Case No.: 09-50779 |
| --- | --- |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | Hon. Robert J. Kressel |

| Carlton Financial Corporation, | |
| --- | --- |
| Plaintiff, | |
| v. | Adversary No. 09-05036 |
| Dennis E. Hecker, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION OF U.S. BANK NATIONAL ASSOCIATION, CARLTON FINANCIAL CORPORATION, GELCO CORPORATION D/B/A GE FLEET SERVICES, CORNERSTONE BANK, VISION BANK, HYUNDAI CAPITAL AMERICA, AND DENNIS E. HECKER**
**TO STAY ADVERSARY PROCEEDINGS PENDING RESOLUTION OF**
<u>**CHAPTER 7 TRUSTEE'S SECTION 727 PROCEEDING**</u>

U.S. Bank National Association ("U.S. Bank"), Carlton Financial Corporation ("Carlton Financial"), GELCO Corporation d/b/a GE Fleet Services ("GE Fleet"), Cornerstone Bank ("Cornerstone"), Vision Bank, Hyundai Capital America ("HCA"), and Dennis E. Hecker ("Debtor") (together with U.S. Bank, Carlton Financial, GE Fleet, Cornerstone, Vision Bank, and HCA, collectively, the "Movants"), by and through their respective counsel, file this Memorandum in support of their Joint Motion to Stay Adversary Proceedings Pending Resolution of Chapter 7 Trustee's Section 727 Proceeding (the "Motion"), and respectfully state as follows:

## BACKGROUND

In September, U.S. Bank, Carlton Financial, GE Fleet, Cornerstone, Vision Bank, and HCA (collectively, the "Plaintiffs") commenced adversary proceedings against the Debtor (collectively, the "Adversary Proceedings"), seeking to except the Debtor's debts to them from discharge.[1] The Court has entered Orders for Trial in each Adversary Proceeding: Vision Bank's trial is scheduled for January 29, 2010; HCA's trial is scheduled for February 8, 2010; U.S. Bank's trial is scheduled for February 25, 2010; Carlton Financial's trial is scheduled for April 12, 2010; GE Fleet's trial is scheduled for May 10, 2010; and Cornerstone's trial is scheduled for May 24, 2010. In addition to the Plaintiffs, Chrysler Financial Services Americas LLC and Alliance Bank have filed non-dischargeability complaints against the Debtor.

The Chapter 7 trustee has stipulated twice with the Debtor to extend his time to file a complaint objecting to the Debtor's discharge: First, on August 11, 2009 (extending the deadline through November 19, 2009) and most recently, on October 27, 2009 (extending the deadline through January 15, 2010). The Plaintiffs expect the Chapter 7 trustee to file a complaint objecting to the Debtor's discharge on or before the January deadline. In the event that the Court denies the Debtor his discharge, the nondischargeability determinations will be rendered moot.

The Plaintiffs and the Debtor have already incurred, and will continue to incur, substantial expense in preparing for the upcoming trials in the Adversary Proceedings, which are scheduled to begin on January 29, 2010. The Plaintiffs and Debtor are currently engaged in

---

1   On September 10, 2009, Cornerstone filed its Complaint to Determine Dischargeability of Debts. On September 11, 2009, Carlton Financial filed its Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). On September 14, 2009, U.S. Bank filed its Complaint to Determine Dischargeability of a Particular Debt, HCA filed its Complaint for Determination of Nondischargeability of Debts, GE Fleet filed its Complaint to Determine Non-Dischargeability of Debts Pursuant to 11 U.S.C. § 523(a)(2)(B), and Vision Bank filed its Complaint to Determine Dischargeability of Debt.

large-scale document production and review, dozens of subpoenas have been served on third-parties, and depositions are scheduled to begin later this month. Accordingly, to avoid the unnecessary expenditure of time and financial resources—on the part of the parties, the Court, and the estate—the Movants request that the Adversary Proceedings be stayed until the resolution of the Chapter 7 trustee's complaint objecting to the Debtor's discharge.

While substantial expense will be saved by the Court's granting the relief requested, no party will be prejudiced. The Debtor has joined this Motion, and counsel for the Chapter 7 trustee has indicated that he will not oppose it.

## DISCUSSION

The resolution of a debtor's entitlement to a discharge should precede determinations concerning the dischargeability of particular debts. For example, in *Watson v. City Nat'l Bank (In re Watson)*, 78 B.R. 267 (Bankr. C.D. Cal. 1987), the court acknowledged that "the denial of a discharge renders moot the declaratory relief feature of the nondischargeability judgment," and stated that, "[f]or this reason a court will normally not consider a dischargeability adversary proceeding brought under section 523 until it resolves any dispute as to a debtor's entitlement to a discharge under Bankruptcy Code § 727. . . .". *Id.* at 271 (citation omitted). Where a discharge is denied, the *Watson* court further remarked that "a declaratory judgment of nondischargeability under section 523 is a waste of time, effort and expense for both the parties and the Court." *Id.*; *see First Florida Bank, N.A. v. Rowe (In re Rowe)*, 81 B.R. 653, 655 (Bankr. M.D. Fla. 1987) (acknowledging propriety of parties' stipulation to sever count to except debt from discharge from counts seeking to deny discharge, because non-dischargeability count "would be rendered moot if the objections to discharge were sustained").

3

As noted above, the Plaintiffs commenced the Adversary Proceedings in September, approximately two months before the Chapter 7 trustee's first extended deadline was to expire. The Debtor filed his motion to stay all of the pending adversary proceedings in October—and the Plaintiffs opposed that motion—at a time when the Chapter 7 trustee's intention to object to the Debtor's discharge remained unknown. Indeed, the Chapter 7 trustee filed the second stipulation extending his deadline to object to discharge less than a week after the Court denied the Debtor's motion to stay the adversary proceedings. Had the Plaintiffs been aware of the Chapter 7 trustee's intention in October, they might have stipulated with the Debtor to stay the Adversary Proceedings—though not on the terms proposed by the Debtor and not for the reasons set forth in his motion to stay.

Given the Plaintiffs' expectation that the Chapter 7 trustee will file his complaint within the next month, the continuing accrual of litigation expenses for the Plaintiffs is unnecessary. In addition, staying the Adversary Proceedings will relieve the Court's docket. As this Court is aware, trials in each of the eight pending adversary proceedings are scheduled to begin in January and continue through the end of May, as follows: Vision Bank (January 29, 2010); HCA (February 8, 2010); U.S. Bank (February 25, 2010); Chrysler Financial Services Americas LLC (March 22, 2010); Carlton Financial (April 12, 2010); Alliance Bank (April 19, 2010); GELCO Corporation (May 10, 2010); and Cornerstone (May 24, 2010).

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully move the Court for entry of an order (i) staying the Adversary Proceedings; and (ii) granting such other relief as may be just and equitable.

Dated: December 7, 2009

**DORSEY & WHITNEY LLP**

By: /e/ Monica Clark
Thomas O. Kelly (# 189960)
Monica Clark (# 28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION

Dated: December 7, 2009

**MESSERLI & KRAMER P.A.**

By: /e/ Joseph W. Lawver
Joseph W. Lawver ( # 151269)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Telephone: (612) 672-3600

ATTORNEYS FOR CARLTON
FINANCIAL CORPORATION AND
GELCO CORPORATION D/B/A GE
FLEET SERVICES

Dated: December 7, 2009

**SERKLAND LAW FIRM**

By: /e/ Brad A. Sinclair
Brad A. Sinclair
10 Roberts St.
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957

ATTORNEYS FOR CORNERSTONE
BANK

Dated: December 7, 2009  **MCNAIR LARSON & CARLSON**

By: /e/David L. Johnson
David L. Johnson
McNair Larson & Carlson
51 Broadway Suite 600
P.O. Box 2189
Fargo, ND 58108
Telephone: 701-293-9190

ATTORNEYS FOR VISION BANK

Dated: December 7, 2009  **FAFINSKI, MARK & JOHNSON, P.A.**

By: /e/ Connie A. Lahn
Connie A. Lahn (# 069219)
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
Telephone: (952) 995-9500

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA

Dated: December 7, 2009  **SKOLNICK & SHIFF, P.A.**

By: /e/ William R. Snolnick
William R. Skolnick
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
Telephone: (612) 677-7600

ATTORNEYS FOR DEBTOR

816349.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: <br><br> Dennis E. Hecker, <br><br>       Debtor. | Case No.: 09-50779 <br> Chapter 7 <br><br> Hon. Robert J. Kressel |
| Carlton Financial Corporation, <br><br>       Plaintiff, <br> v. <br><br> Dennis E. Hecker, <br><br>       Defendant. | Adversary No. 09-05036 |

## ORDER

This case is before the Court on the Motion of the Movants for an Order to Stay Adversary Proceedings Pending Resolution of Chapter 7 Trustee's Section 727 Proceeding.

**IT IS ORDERED:**

1. That the Movants' Motion is **GRANTED**; and

2. That each of the following adversary proceedings shall be stayed until an additional scheduling order is entered by the Court:

   a. Cornerstone Bank v. Dennis E. Hecker, Adv. Pro. No. 09-05035;

   b. Carlton Financial Corporation v. Dennis E. Hecker, Adv. Pro. No. 09-05036;

   c. Vision Bank v. Dennis E. Hecker, Adv. Pro. No. 09-05037;

d. Gelco Corporation d/b/a GE Fleet Services v. Dennis E. Hecker, Adv. Pro. No. 09-05039;

e. U.S. Bank National Association v. Dennis E. Hecker, Adv. Pro. No. 09-05040; and

f. Hyundai Capital America v. Dennis E. Hecker, Adv. Pro. No. 09-05041.

**BY THE COURT:**

Dated: _____    _____
                                 The Honorable Robert J. Kressel
                                 United States Bankruptcy Judge

816348.1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In Re: | Case No.: 09-50779 |
| --- | --- |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | Hon. Robert J. Kressel |

| Carlton Financial Corporation, | |
| --- | --- |
| Plaintiff, | |
| v. | Adversary No. 09-05036 |
| Dennis E. Hecker, | |
| Defendant. | |

## AFFIDAVIT OF EXPEDITIOUS
## SERVICE AND NOTICE

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF HENNEPIN   )

Joseph W. Lawver, being first duly sworn upon oath, states as follows:

1. On December 7, 2009, I took all reasonable steps to provide all interested parties with the most expeditious service and notice possible of Carlton Financial Corporation's Joint Motion to Stay Adversary Proceedings Pending Resolution of Chapter 7 Trustee's Section 727 Proceeding.

2. I served the relevant Notice of Expedited Hearing and Joint Motion to Stay Adversary Proceedings by facsimile to the facsimile number indicated for each party, and by placing a true and correct copy in an envelope addressed as noted and depositing the same, with postage prepaid, in the United States Mail in Minneapolis, Minnesota:

a.  Matthew R. Burton, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Legal Counsel for the Chapter 7 trustee, Randall L. Seaver, 100 South Fifth Street, Suite 2500, Minneapolis, Minnesota, 55402-1234, Facsimile: (612) 332-2740.

b.  Stephen Grinnell, Gray Plant Mooty, Legal Counsel for Chrysler Financial Services Americas LLC, 500 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota, 55402, Facsimile: (612) 632-4070

c.  Larry D. Espel, Greene & Espel, P.L.L.P., Legal Counsel for Alliance Bank, 200 South Sixth Street, Minneapolis, Minnesota, 55402, Facsimile: (612) 373-0929.

3.  It was not necessary to serve the Notice of Expedited Hearing and Joint Motion to Stay Adversary Proceedings upon the Defendant, or upon other Plaintiffs in related adversarial matters, as each of these parties joined and executed the relevant Motion.

s/ Joseph W. Lawver
Joseph W. Lawver

Subscribed and sworn to before me
this 7th day of December 2009.

s/ Mary Nygaard
Notary Public

816351.1